## H. D. LEE FLOUR MILLS COMPANY *v.* BROADLICK.

[No. 12,021.   Filed March 12, 1925.   Rehearing denied June 23, 1925.]

1. SALES.—*Damages for breach of buyer's contract by canceling the order held limited to date of cancellation.*—In an action by seller for damages for breach of contract by buyer, where the contract provided that damages for cancellation of the contract should be fixed as of the date of cancellation, and the evidence showed that there were no damages at that time, the price of the commodity having advanced and not declined, the seller could not recover for the loss caused by a decline in the price at a later date.   p. 309.

2. DAMAGES.—*Seller of goods not suffering any actual damages by cancellation of contract held entitled to recover only stipulated damages.*—In seller's action for buyer's breach of contract by canceling the order, where the evidence showed no actual damages, there having been no decline in the price, the seller could not recover more than the stipulated amount for cancellation, although the price subsequently declined.   p. 309.

From Miami Circuit Court; *Albert Ward*, Judge.

Action by the H. D. Lee Flour Mills Company against Harry Broadlick.   From a judgment for plaintiff for an unsatisfactory amount, it appeals.   *Affirmed.*   By the second division.

*Harry K. Cuthbertson*, for appellant.

*Bell, Kirkpatrick, McClure & Elliott, Rex E. Ballenger* and *Lloyd McClure*, for appellee.

NICHOLS, J.—Action by appellant to recover damages for the breach of an executory contract for the sale of flour in which the appellant agreed to sell and the appellee agreed to purchase 340 barrels of Admiral flour at the price of $12.25 per barrel.   It is alleged in the complaint that the contract was signed and confirmed

by appellant, on September 10, 1920.   That at the time of the filing of said paragraph of complaint, appellant had duly performed all the conditions of said contract on its part to be performed, but that appellee, although repeatedly requested to do so, had wholly failed and refused to furnish appellant shipping instructions as provided in said contract within sixty days.   It is further alleged that appellant held the contract open and held the flour subject to the appellee's right to furnish shipping instructions until the expiration of the sixty-day period named in the contract, and that, on November 22, 1920, it notified appellee in writing by letter addressed to him at Kokomo, Indiana, that it had sustained, and was holding appellee liable for, damages in the sum of $930 which amount of damages appellant claimed under Option No. 1, Paragraph "B" of the contract, which, in substance, provided that upon the failure on the part of the buyer to furnish shipping instructions when due, or on his failure to perform any of the obligations under his contract, the seller, on notice by telegram or letter addressed to the buyer, might terminate that portion of the contract on which there had been default with an entry charge of fifty cents per barrel on flour, and that the buyer should pay to the seller such loss, damage or expense as might arise through its failure to carry out the provisions of the contract.   There was definite provision as to the method of computing the damage which, however, as we view this case, is not here involved.

There was a trial by the court which resulted in a finding and judgment in favor of appellant for $180.58, principal and interest.   The error assigned in this court is the action of the court in overruling appellant's motion for a new trial, which presents the question of the sufficiency of the evidence and error in assessing the amount of recovery, the amount being too small.

It appears by the evidence that appellee, after examining the kind of flour which he had ordered at the place of business of his brother, who was using the same, on September 13, 1920, canceled the order. The only evidence as to the value of the flour on that date was appellee's testimony that appellant's agent who sold him the flour told him that the flour was higher in price on that date than it was at the time of placing the order. On that date, appellee, of course, failed to perform the obligations of his contract. The trial court evidently understood that the damages, if any, were fixed as of that date, the contract expressly providing that they should be fixed as of the date of cancellation, and that appellant could not wait until sixty days thereafter, and until the price of flour had declined so that it could claim $930 damages, and then sue for that amount. We agree with the trial court in this conclusion, but as there were no damages at the date of cancellation, the price of flour not having declined, appellant's only right of recovery was for the fifty cents per barrel cancellation fee. For this amount, together with interest, judgment was given. We see no reason for disturbing the judgment.

Affirmed.